IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA S. PILLOW, | ) |
| | ) |
| Plaintiff, | ) No. 22-cv-6337 |
| | ) |
| v. | ) Judge Jeffrey I. Cummings |
| | ) |
| DENIS R. MCDONOUGH, | ) |
| SECRETARY OF VETERAN AFFAIRS | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Felicia S. Pillow, proceeding *pro se*, brings this action against defendant Denis R. McDonough, Secretary of Veterans Affairs, claiming that defendant discriminated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, and/or the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*, and wrongfully denied her leave under the Family and Medical Leave Act, 29 U.S.C. §2612 *et seq.* (Dckt. #38). On February 14, 2024, defendant filed a motion to dismiss plaintiff's action, (Dckt. #42), and supporting memorandum, (Dckt. #43). For the following reasons, defendant's motion is granted in part and denied in part.

I.   BACKGROUND

The Court draws facts from plaintiff's third amended complaint, as well as the documents attached to the defendant's motion to dismiss to the extent they are referenced in plaintiff's third amended complaint. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (explaining that a motion under Rule 12(b)(6) can be based on, among other things, "the complaint itself" and "documents that are critical to the complaint and referred to in it . . .") (citations omitted). On August 31, 2024, plaintiff filed a letter and various exhibits, consisting of

1

Department of Veteran Affairs ("VA") documents (the "August 31, 2024 Filing). (Dckt. #53). Because the August 31, 2024 Filing was not timely filed as part of any motion, and because the content of the August 31, 2024 Filing appears unrelated to the specific allegations and claims raised in plaintiff's third amended complaint, the Court does not draw facts from the August 31, 2024 Filing.

On May 28, 2008, plaintiff Felicia S. Pillow was hired as a health care technician at Edward Hines, Jr. Hospital ("Hines"), which is operated by defendant Denis McDonough in his position as Secretary of the VA. (Dckt. #38 at 2).[1] Plaintiff maintains that she always met defendant's reasonable expectations despite living with an undefined "mental health disability." (*Id*. at 3). Plaintiff alleges that she requested the following workplace accommodations for her disability:

- On July 17, 2017, plaintiff requested the VA accommodate her disability by allowing her to work remotely from her home;
- In August 2017, plaintiff requested advanced leave without pay;
- In April 2020, plaintiff again requested permission to work remotely.

(*Id*.). According to plaintiff, the VA denied each of these requests, on or around July 27, 2017; September 17, 2017; and May 2020, respectively. (*Id*. at 3). Plaintiff also contends that the VA unreasonably ordered her to submit to a physical and blood draw on February 5, 2018. (*Id*. at 5).

On November 29, 2018, plaintiff initiated contact with an Equal Employment Opportunity ("EEO") counselor. (Dckt. #43-1 at 1). At the time, plaintiff reported that she

---

[1] Plaintiff's third amended complaint complied with Court rules requiring individual paragraphs for its factual allegations. However, between its third and fourth pages, its paragraph numbering backtracks from paragraph thirteen to paragraph ten. (*See* Dckt. #38 at 3–4). For clarity, the Court cites to the page numbers, rather than paragraphs, contained in the third amended complaint.

requested leave under the Family and Medical Leave Act ("FMLA") a few months prior, in June 2018, but never received a reply. (Dckt. #43-1 at 3).[2]

Plaintiff further reported that she was instructed in July 2018 by her supervisor, Alicia Brown, to submit her FMLA request directly to Brown, rather than the human resources department. (*Id.*). Plaintiff did not comply with Brown's request. (*Id.*) Initially, the human resources department approved plaintiff's FMLA request; however, in order for plaintiff's FMLA leave be implemented, her request needed to be signed by a direct supervisor. (Dckt. #38 at 4). Plaintiff contends that Brown and another supervisor, Elvira Oca, refused to sign her request for FMLA leave because plaintiff refused to provide them access to her confidential medical records. (*Id*. at 4–5). When plaintiff refused, Oca retaliated against plaintiff by refusing to evaluate her workplace performance, which hindered her prospects for increased pay and advancement at Hines. (*Id*. at 5). During her conversation with the EEO counselor on November 29, 2018, while discussing a separate claim that is not germane to this suit, plaintiff explained that she attended an EEO training on an unspecified day in October 2018, where she learned of her right to file an EEO complaint. (Dckt. #43-1 at 4).

On January 9, 2019, plaintiff filed an EEO complaint alleging that the VA discriminated against her and subjected her to a hostile work environment on the basis of disability when, among other things:

- She was denied advance leave and leave without pay;
- Beginning in July 2017 and continuing to December 2018, her reasonable accommodation requests were denied; and
- On or around February 1, 2018 she was advised she was required to submit for a physical examination.

---

[2] In her third amended complaint, plaintiff alleges she submitted her FMLA request on August 9, 2018. (Dckt. #38 at 2).

(Dckt. #43-3 at 3). On the same day, plaintiff signed a Complaint of Employment Discrimination where she reported that her FMLA request "wasn't approved" and that the basis for her complaint was "FMLA denial." (Dckt. #43-2 at 2). On the complaint form, plaintiff indicated the last date of an occurrence related to her FMLA denial was December 18, 2018. (*Id.*)

Approximately eleven months later, on November 7, 2019, plaintiff filed another EEO complaint, similarly alleging that the VA discriminated against her and subjected her to a hostile work environment on the basis of disability and reprisal of prior protected EEO activity. (Dckt. #43-6 at 3). In this second EEO complaint, plaintiff indicated the last date of an occurrence related to her claims of harassment and a hostile work environment was June 27, 2019. (*Id.*).

Plaintiff thereafter exercised her right to request a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrate Judge ("AJ") on both EEO complaints, and the AJs assigned to her cases granted summary judgment in favor of the VA in both instances. (Dckt. #43-3 at 3; Dckt #43-6 at 3). Plaintiff appealed the final orders issued by the VA that adopted the AJs' decisions, but the EEOC affirmed, finding that the AJs had properly granted the VA's motions for summary judgment in each instance. (*Id.*). Plaintiff submitted requests for reconsideration in both cases, which the EEOC denied on September 22, 2022. (Dckt. # 43-3 at 4; Dckt. # 43-6 at 4).

Plaintiff alleges that she exhausted her administrative remedies by filing complaints with both the EEO and EEOC, and that she received a right to sue letter from the EEOC in April 2022. (*Id.*). Plaintiff filed her initial complaint to this Court on November 14, 2022. (Dckt. #1).

4

Plaintiff asserts three claims for relief in her third amended complaint ("TAC").[3] In Count I, plaintiff claims the defendant violated the Americans With Disabilities Act of 1990 ("ADA") and/or the Rehabilitation Act of 1973 ("Rehabilitation Act")[4] in unreasonably denying her two requests for accommodations for her disability in 2017 and subsequent request for remote work in April 2020. (Dckt. #38 at 6–7). In Count II, plaintiff claims that defendant violated the FMLA in denying her request for leave and retaliating against her by refusing to evaluate her workplace performance. (*Id*. at 7–8). Finally, in Count III, plaintiff claims that the VA violated the ADA and/or Rehabilitation Act in February 2018 by subjecting her to a physical and blood draw. (*Id*. at 8). Plaintiff seeks damages for lost wages and emotional harm. (*Id*. at 9). Defendant now moves to dismiss plaintiff's TAC. (Dckt. #42).

## II.     LEGAL STANDARD

Plaintiff's motion to dismiss is brought pursuant to Rule 12(b)(6). Under that rule, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Importantly, a motion to dismiss tests the sufficiency of the complaint, not the merits of the case." *Rosas v. Bd. of Educ. Of City of Chicago*, 652 F.Supp.3d

---

[3] Plaintiff filed a document mistakenly titled "Second Amended Complaint" on January 17, 2024. (Dckt. #38). That filing was her third amended complaint, and the Court refers to it as such herein.

[4] The ADA does not apply to federal agencies such as defendant, so the Court treats plaintiff's claims as arising solely under the Rehabilitation Act. *Johnson v. Brennan*, No. 17-cv-8878, 2020 WL 1139253, at *1 n.1 (N.D.Ill. Mar. 9, 2020) (citing *Hancock v. Potter*, 531 F.3d 474, 478 n.4 (7th Cir. 2008), and *Direk v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003)).

951, 960 (N.D.Ill. 2023) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). When considering a motion to dismiss under Rule 12(b)(6), the Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in [the non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). However, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.*

### III.  DISCUSSION

Defendant argues that this Court should dismiss each of plaintiff's claims. First, defendant contends that each count in plaintiff's TAC must be dismissed because she pled all facts necessary to prove two of defendant's affirmative defenses against her claims, specifically that: (1) plaintiff's FMLA claims in Count II are barred by the applicable statute of limitations; and (2) plaintiff failed to exhaust her administrative remedies available for her Rehabilitation Act claims in Counts I and III. (Dckt. #43 at 2–8). Second, defendant argues that plaintiff fails to state a plausible claim for relief under the Rehabilitation Act. (Dckt. #43 at 5–7). The Court addresses defendant's arguments in turn.

    **A.**    **Defendant's Affirmative Defenses do not Warrant Dismissal of at Least Certain of Plaintiff's Claims.**

Defendant asserts that plaintiff's first and third counts should be dismissed for "lack of timely and proper exhaustion" of the administrative process for her allegations stemming from incidents in 2017, 2018, and 2020 before bringing this suit. (Dckt. #43 at 3–4) (citing 29 C.F.R. §1614.105(a)(1) and *Edwards v. Donahoe*, 503 Fed.Appx. 468, 471 (7th Cir. 2013) (citation omitted)). Along similar lines, defendant argues that plaintiff failed to bring her FMLA interference and retaliation claims within the applicable statute of limitations period. (Dckt. #43 at 7–8); *see* 29 U.S.C. §2617(c)(1) (FMLA claims must be brought "not later than 2 years after

6

the date of the last event constituting the alleged violation for which the action is brought."); *see also Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 332 (7th Cir. 2018) (extending the limitations period to three years if employer willfully violated FMLA).

Both the failure to exhaust administrative remedies and statute of limitations serve as affirmative defenses to plaintiff's claims. *See, e.g.*, *BNSF Ry. Co. v. Town of Cicero, Ill.*, 592 F.Supp.3d 716, 733 (N.D.Ill. 2022) (statute of limitations is an affirmative defense); *Moore v. Lear Corp.*, 664 F.Supp.3d 881, 885 (N.D.Ind. 2023) ("[F]ailure to exhaust is normally considered to be an affirmative defense.") (quotation omitted). Accordingly, defendant's argument on these points "implicates the pleading principle that [t]he mere presence of a potential affirmative defense does not render the claim for relief invalid." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (quotation omitted). "A plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Id.*, *quoting Chi. Bldg. Design v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). Yet, an "exception to this rule applies where the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *Walker v. City of Chicago*, 596 F.Supp.3d 1064, 1070 (N.D.Ill. 2022) (cleaned up).

With these principles in mind, the Court turns to defendant's arguments as to each affirmative defense at issue.

### 1. Plaintiff's FMLA claims are time barred.

Here, plaintiff alleges two bases for relief under the FMLA: (1) that defendant's refusal to grant her FMLA leave in August 2018 constitutes FMLA interference; and (2) that her VA supervisors retaliated against her by refusing to complete her performance evaluation, thus impacting her pay and possibility of advancement. (Dckt. #38 at 4–5, 7–8). Defendant argues

that plaintiff's claims are barred under both a two- or three-year limitations period because she filed her lawsuit on November 14, 2022.[5] (Dckt. #43 at 7).

Under FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more [situations]," including, *inter alia*, "a serious health condition that makes the employee unable to perform the functions of the[ir] position."[6] 29 U.S.C. §2612(a)(1), (a)(1)(D).

An employee of an FMLA-qualified employer may bring an action if the employer violates 29 U.S.C. §2615. 29 U.S.C. §2617(a)(1). Section 2615 provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id*. §2615(a)(1). To state an FMLA interference claim, a plaintiff must plead that: "(1) the employee was eligible for the FMLA protections; (2) the employer was covered by FMLA; (3) the employee was entitled to take leave under FMLA; (4) the employee provided sufficient notice of his or her intent to take leave; and (5) the employer denied the employee FMLA benefits to which he or she was entitled." *Barrett v. Illinois Dep't of Corr.*, 958 F.Supp.2d 984, 989–90 (C.D. Ill. 2013), *aff'd*, 803 F.3d 893 (7th Cir. 2015) (citation omitted). FMLA interference claims "only require[] the employee to prove that the employer denied [her] entitlements provided by the Act." *Pagel v. TIN Inc.*, 695 F.3d 622, 626 (7th Cir. 2012).

---

[5] FMLA interference and retaliation claims are subject to a two-year statute of limitations, which extends to three years if the employer acted willfully. *Sampra v. U.S. Dep't of Transp.*, 888 F.3d 330, 332 (7th Cir. 2018) (citing 29 U.S.C. §2617(c)(2)).

[6] The Department of Labor promulgated regulations defining a serious health condition entitling an employee to leave to include a "mental condition that involves inpatient care . . . or continuing treatment by a health care provider" as defined by the regulations. 29 C.F.R. §825.113(a); *see id*. §§825.114, 825.115 (defining inpatient care and continuing treatment).

By contrast, a plaintiff can make out an FMLA retaliation claim by showing that: "(1) she engaged in a protected activity; (2) defendant took adverse employment action against her; and (3) there is a causal connection between her protected activity and defendant's adverse employment action." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 633 (7th Cir. 2009) (cleaned up). Such a claim requires a showing of discriminatory intent – evidence that the employer "was acting under a prohibited animus," *Id*. at 634, and may be established by either the direct or indirect method of proof. *Juday v. FCA US LLC*, 57 F.4th 591, 596 (7th Cir. 2023) (citing *Burnett v. LFW Inc.*, 472 F.3d 471, 480 (7th Cir. 2006)). "The FMLA statute of limitations clock begins to run from the 'last event constituting the alleged violation.'" *Sampra*, 888 F.3d at 332 (7th Cir. 2018), *quoting* 29 U.S.C. §2617(c)(1).

Here, plaintiff's FMLA interference claim accrued when she was denied her right to take leave. *Barrett*, 958 F.Supp.2d at 990. Similarly, plaintiff's FMLA retaliation claim accrued when the adverse employment action based on her request for – or actually taking – FMLA leave took place. *See Hardwick v. Amsted Ry. Co., Inc.*, 929 F.Supp.2d 1129, 1139 (D.Kan. 2013) (retaliation claim accrues when adverse employment action based on FMLA leave already taken); *see also Heggie v. TJX Companies, Inc.*, No. CIV.A. 11-11624-RWZ, 2012 WL 2061806, at *2 (D. Mass. June 6, 2012) ("FMLA claims for retaliation of discrete acts accrue when the adverse employment event is realized.") (collecting cases). In this instance, the accrual date for plaintiff's FMLA retaliation claim would be the last date of her supervisors' refusal to evaluate her performance.

It is clear that the interference violation alleged in this case, that is, denial of plaintiff's June 2018 request for FMLA leave, is time barred. Plaintiff's claim accrued, at the latest, on January 9, 2019, when plaintiff submitted a signed Complaint of Employment Discrimination,

which unequivocally stated that her FMLA claim had been denied. *Barrett*, 958 F.Supp.2d at 990; *see also Reed v. Lear Corp.*, 556 F.3d 674, 681 (8th Cir. 2009) ("An FMLA violation occurs when an employer improperly denies a request for leave."). Plaintiff, however, did not file her initial complaint in this matter until November 22, 2022, well beyond the two- or three-year statute of limitations for an FMLA interference claim.

Similarly, plaintiff's November 7, 2019 Complaint of Employment Discrimination indicates that the latest accrual date for plaintiff's FMLA retaliation claim was June 27, 2019—the date plaintiff listed as the last occurrence of harassment and a hostile work environment. Once more, plaintiff did not file her complaint in this matter until November 22, 2022. Thus, even assuming that the three-year limitation period for willful violations applies, plaintiff did not timely file the FMLA retaliation claims raised in this matter.

To be sure, any conduct related to plaintiff's FMLA claims that occurred prior to November 22, 2019 is time-barred under the most lenient application of the statute of limitations. 29 U.S.C. §2617(c)(2).[7] As such, the Court grants defendant's motion to dismiss plaintiff's FMLA claims found in Count II.

---

[7] The Court notes that it is possible that the discriminatory and retaliatory conduct alleged in this matter was part of an ongoing and continuous course of conduct that extended beyond November 22, 2019, and therefore would not be time barred. The TAC, however, has not alleged such facts. Should plaintiff have a good-faith basis to allege that the conduct was ongoing and extended beyond November 22, 2019, she is permitted to do so in an amended complaint. In drafting any amended filing, plaintiff should bear in mind Federal Rule of Civil Procedure 11, which states that the allegations and other factual contentions made to this Court must "have evidentiary support, or if so specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

### 2. Plaintiff failed to exhaust her administrative remedies related to her April 2020 request for an accommodation, but the questions of whether she exhausted her administrative remedies related to her 2017 requests for accommodation and 2018 physical cannot be resolved because they turn on facts not before the Court in review of a motion to dismiss.

Next, defendant argues that plaintiff did not pursue administrative remedies for some of her claims under the Rehabilitation Act and, for those that plaintiff did pursue, plaintiff brought administrative actions after the allotted reporting period expired. (Dckt. #43 at 3–4). Defendant attaches exhibits of administrative proceedings which, he contends, prove this point. (*Id.*).

Claims of disability discrimination brought under the Rehabilitation Act follow the same procedures and provide the same remedies as claims of discrimination based on the characteristics protected under Title VII. *See Tyler v. Runyon,* 70 F.3d 458, 467 (7th Cir.1995). Thus, as with Title VII, "an aggrieved employee seeking relief under the Rehabilitation Act must exhaust her administrative remedies by consulting an EEO counselor and attempting to resolve the matter informally" before bringing a suit under the Rehabilitation Act. *Edwards v. Danahoe*, 503 Fed.Appx. 468, 471 (7th Cir. 2013) (citing *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001)). Under the Rehabilitation Act, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). The EEOC "shall extend the 45–day limit . . . when the individual shows . . . that he or she did not know and reasonably should not have [ ] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). Generally, when the claimant does not initiate contact within the 45–day charging period, the claim is barred for failure to exhaust administrative remedies. *Edwards*, 503 Fed.Appx. at 471. To reiterate, "a failure to exhaust is . . . an affirmative defense," *Mosely v. Bd. of Educ. Of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006), which "need not be anticipated or negated in a complaint." *Moore*, 664 F.Supp.3d at 885.

11

### a. Plaintiff failed to exhaust her administrative remedies for her April 2020 request for accommodation.

It is evident that plaintiff's claim for failure to accommodate her disability, based on the alleged May 2020 denial of her April 2020 request to work from home, are untimely. There is nothing that demonstrates that plaintiff reported this matter to a EEO counselor *at all*, let alone within 45 days. Because plaintiff failed to bring this matter to the attention of the EEO counselor within the required 45-day term, plaintiff is precluded from raising it at this time. Accordingly, plaintiff's failure to accommodate claim in Count I related to the alleged May 2020 denial of her request to work from home is hereby dismissed.

### b. The Court cannot resolve whether plaintiff exhausted her available administrative remedies for her 2017 accommodation requests and 2018 physical examination because the questions turn on facts not before the Court in review of a motion to dismiss.

Defendant argues that plaintiff also failed to timely report her claims related to her 2017 accommodation requests and 2018 physical examination to an EEO counselor within 45 days. (Dckt. #43 at 4). In support of this contention, defendant points out that plaintiff did not contact an EEO counselor until November 2018, over a year after her 2017 accommodation requests and nine months after her blood draw. (*Id.*) While plaintiff's delay appears untimely on its face, the controlling regulation provides for a mandatory extension of the 45 day limit "when the individual shows that . . . he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred. . . ." 29 C.F.R. § 1614.105(a)(2). The time limit is extended until "'facts that would support a charge of discrimination . . . were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.'" *Wolfolk v. Rivera,* 729 F.2d 1114, 1117 (7th Cir. 1984).

At a minimum, the TAC and the documents identified therein – interpreted in the light most favorable to plaintiff – raise the possibility that plaintiff did not learn that the allegedly discriminatory matter occurred until sometime in October 2018, when she received EEO training. In light of the fact that plaintiff subsequently spoke to an EEO counselor in November 2018, potentially within 45 days of the EEO training, the Court can conceive of a set of facts, consistent with the complaint, which would defeat a failure to exhaust defense for both the 2017 accommodation and 2018 physical examination claims and render them timely. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992) (stating that on a motion to dismiss, "a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations.") (citations omitted)). Thus, the questions of whether plaintiff exhausted her administrative remedies with respect to her 2017 requests for accommodation and 2018 physical examination are better left for resolution at later stages of this litigation, when the Court would have access to a more complete factual record. *See, e.g.*, *Sidney Hillman Health Ctr.*, 782 F.3d at 928.

The Court therefore finds that plaintiff's failure to accommodate claims related to her 2017 requests for accommodation in Count I, and her disability discrimination claim relating to the 2018 physical examination in Count III, are not facially barred for failure to exhaust.

**B.     Plaintiff States a Viable Failure to Accommodate – but tot a Disability Discrimination – Claim Under the Rehabilitation Act.**

Finally, defendant argues that plaintiff fails to state viable failure to accommodate and disability discrimination claims under the Rehabilitation Act. (Dckt. #43 at 5–7). Defendant argues that plaintiff merely iterates "formulaic recitations of the elements of a failure to accommodate claim" in Count I and provides no factual context for her disability discrimination claim in Count III. (*Id*. at 6–7). The Court agrees, in part.

13

"In determining whether a violation of the Rehabilitation Act occurred in the employment context," courts use "the standards set out in the ADA." *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003); *see also Sansone v. Brennan*, 917 F.3d 975, 979 n.1 (7th Cir. 2019); *Scheerer v. Potter*, 443 F.3d 916, 918–19 (7th Cir. 2006). The ADA (and the Rehabilitation Act) provide that a covered employer shall not "discriminate against a qualified individual on the basis of disability." 42 U.S.C. §12112(a). Discrimination in this context "includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business." *DiFranco v. City of Chicago*, 589 F.Supp.3d 909, 915 (N.D.Ill. 2022), *quoting* 42 U.S.C. §12112(b)(5) (cleaned up).

### 1. Plaintiff states a viable failure to accommodate claim.

"To establish a claim for failure to accommodate, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability."[8] *Id.*, *quoting EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

In her TAC, plaintiff makes the following allegations related to her failure to accommodate claim: (1) that she began her employment on May 28, 2008 and "always" met defendant's reasonable expectations; (2) that she lives with a mental health disability; (3) that on July 17, 2017 and April 2020, she requested to telework as an accommodation for her disability; (4) that in August 2017, she requested accommodations for her disability by allowing her to take

---

[8] Even though plaintiff's claims are construed under the Rehabilitation Act, courts use "the standards set out in the ADA." *Dyrek*, 334 F.3d at 597 n.3 (7th Cir. 2003).

advanced leave without pay; and (5) that defendant unreasonably refused her requests to accommodate her disability. (Dckt. #38 at 3–4).

Defendant contends that plaintiff's claims are insufficient because they do not provide sufficient factual information "about her job function, the circumstances of the accommodation request, her disability, and the VA's denial." (Dckt. #43 at 6, *quoting* Dckt. #11 at 6). Defendant misstates the requirements placed upon plaintiff at the pleading stage, particularly in light of her *pro se* status.

To begin, plaintiff stated sufficient information to conclude that she is a qualified individual with a disability who made defendant aware of that disability by her request. Plaintiff need not pose more to provide defendant adequate notice of her failure to accommodate claims. *See Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 694 (7th Cir. 1998) ("a request as straightforward as asking for continued employment is a sufficient request for accommodation."). While true that plaintiff's claims seem bare-bones in a vacuum, the remainder of her pleading provides ample supportive context, including her nine years of work experience for defendant prior to requesting accommodations and her allegation that defendant granted the same requests to other similarly situated non-disabled employees.

Defendant's argument on the overall sufficiency of plaintiff's pleading fails because plaintiff's allegations, taken in totality, provide "sufficient notice to enable [defendant] to begin to investigate and prepare a defense." *Elzeftawy v. Pernix Grp., Inc.*, 477 F.Supp.3d 734, 763 (N.D.Ill. 2020), *quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Title VII claims are not subject to a heightened pleading standard. Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice

15

of these claims.") (internal citation omitted); *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 849 n.3 (7th Cir. 2019) ("The ADA incorporates by reference the enforcement provisions of Title VII."). Nothing in the Rules of Civil Procedure requires plaintiff to plead more than a short, plain statement of facts upon which relief can be granted, which is what plaintiff did in this instance. *See Lopez v. Superflex, Ltd.*, No. 01 CIV. 10010(NRB), 2002 WL 1941484, at *2 (S.D.N.Y. Aug. 21, 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–515 (2002), (rejecting a heightened pleading standard for Title VII plaintiffs and applying the same standard to ADA claims)); *see also Elzaftawy*, 477 F.Supp.3d at 760–63 (analyzing ADA pleading standards in the same manner as those for Title VII).

Defendant also attacks plaintiff's assertion that the VA's denial of her requests for accommodation were unreasonable. Whether or not a requested accommodation is reasonable is a "highly fact-specific inquiry" that is "inappropriate at the motion to dismiss stage." *Trimuel v. Chicago Hous. Auth.*, 695 F.Supp.3d 972, 981 (N.D.Ill. Sept. 27, 2023) (cleaned up).

Plaintiff alleges that she suffered a mental health disability, notified defendant of that disability, and made three requests for accommodation for that disability – all of which defendant unreasonably denied. Particularly considering the lenient pleading standard applied to *pro se* litigants such as plaintiff, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), that is all she needed to do to state a claim that defendant failed to provide reasonable accommodations.

In sum: plaintiff stated a viable failure to accommodate claim under the Rehabilitation Act.

    **2. Plaintiff does not state a viable disability discrimination claim.**

Plaintiff also claims that defendant discriminated against her on the basis of her disability by "forc[ing] her to take a physical that included a blood lab draw" on February 5, 2018. (Dckt.

16

#38 at 5). Defendant argues that ordering a physical does not constitute an adverse employment action for the purposes of the Rehabilitation Act and, as a result, that plaintiff fails to make out a plausible discrimination claim. (Dckt. #43 at 6–7).

To state a disability discrimination claim under 42 U.S.C. §12112(a), a plaintiff must show that: "(1) she is disabled; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (3) she suffered an adverse employment action; and (4) the adverse action was caused by her disability." *Brooks v. Avancez*, 39 F.4th 424, 433 (7th Cir. 2022) (citation omitted).

"An adverse employment action must be 'materially' adverse to be actionable and includes a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities." *DiFranco*, 589 F.Supp.3d at 917 (internal citations and quotations omitted). Such action must be shown to have been taken because of plaintiff's disability. *Id*. To do so, plaintiff must show that, "but for [her] disability, [she] would have been able to access the services or benefits desired." *Id*., quoting *A.H. By Holzmueller v. IHSA*, 881 F.3d 587, 593 (7th Cir. 2018).

Even construed liberally, plaintiff's allegations in her complaint do not meet this low pleading standard because plaintiff does not allege that defendant's basis for requesting a blood draw was caused by her disability.[9] *Brooks*, 39 F.4th at 433. Instead, plaintiff alleges that

---

[9] The Seventh Circuit has previously held that requiring an employee to submit to an independent medical examination could constitute discrimination in certain circumstances where an employer singles out an employee for such exam on the basis of a protected status. *See Place v. Abbott Lab'ys*, 215 F.3d 803, 809–10 (7th Cir. 2000). Nonetheless, courts of this Circuit and elsewhere have consistently found that physical examinations ordered in relation to workplace performance do not constitute adverse employment actions. *See, e.g.*, *Rogers v. City of Chicago*, No. 00-cv-2227, 2001 WL 1665157, at *9 (N.D.Ill. Dec. 26, 2001) (ordering a medical examination based on medical absences does not constitute adverse employment action), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir.

17

defendant violated the Rehabilitation Act by ordering her to take a physical and that she lost wages as a result. But without connecting the ordered physical and lost wages to her alleged disability, she fails to state a viable claim that defendants discriminated against her in this action. *See Brooks*, 39 F.4th at 440 n.11 (collecting cases requiring "but for" causation to prove disability discrimination).

Accordingly, Count III of plaintiff's TAC is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, (Dckt. #42), is granted in part and denied in part. Counts II and Count III of plaintiff's TAC are dismissed. If plaintiff wishes to file an amended complaint, she is instructed do so with this Court on or before October 8, 2024. When filing her amended pleading, plaintiff should label the pleading her "Fourth Amended Complaint." If plaintiff fails to file an amended complaint, defendant is ordered to answer or otherwise plead with respect to the remaining claims within plaintiff's TAC by October 22, 2024.

**Date: September 16, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

2013); *Baum v. Cnty. of Rockland*, 337 F.Supp.2d 454, 471–72 (S.D.N.Y. 2004) (ordered physical examination not adverse employment action because it is unrelated to allegations of retaliation for protected speech); *Alston v. New York City Transit Auth.*, No. 02 CIV.2400 JGK, 2003 WL 22871917, at *7 (S.D.N.Y. Dec. 3, 2003) (physical examination for safety-sensitive occupation not adverse employment action when not linked to alleged discrimination in any way); *Davis v. Minneapolis Pub. Sch.*, No. CIV. 10-2638 DWF/JJK, 2011 WL 6122312, at *12 (D.Minn. Oct. 13, 2011) ("A fitness-for-duty examination does not necessarily constitute an adverse employment action.") (collecting cases). Here, plaintiff seems to allege that the ordered physical came about because of her role as a vested employee, (Dckt. #38 at 8), which, if it were the case, would likewise doom her claim.