## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FELICIA S. PILLOW,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 22-cv-6337
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Judge April M. Perry
DOUGLAS A. COLLINS, SECRETARY⠀)
OF VETERANS AFFAIRS,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

## OPINION AND ORDER

Felicia S. Pillow ("Plaintiff"), proceeding *pro se*, brings this action against Douglas A.

Collins ("Defendant"), the Secretary of Veterans Affairs. Plaintiff's Fourth Amended Complaint

alleges that Defendant violated the Americans with Disabilities Act of 1990 ("ADA"), the

Rehabilitation Act of 1973 ("Rehabilitation Act"), the Privacy Act of 1974 ("Privacy Act"), and

Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. 59.[1] Defendant now moves to

dismiss the complaint, or in the alternative for summary judgment. Doc. 65; Doc. 66.

As a preliminary matter, the Court declines to address Defendant's motion as a summary

judgment motion for two reasons. First, Plaintiff is *pro se* and did not understand how to

properly respond to the summary judgment argument in the alternative, and the Court did not

give her instructions on how to do so. *See Burick v. Edward Rose & Sons*, 18 F.3d 514, 516 (7th

Cir. 1994) ("As the advisory committee note to Rule 12(b) indicates, the notice procedure is

necessary to avoid taking a party by surprise through the conversion of the motion [to dismiss]

---

[1] The Court disregards Plaintiff's Fifth Amended Complaint because Plaintiff has had multiple
opportunities to amend and did not seek leave to amend again. Doc. 59; Doc. 74; *See* FED. R. CIV. P.
15(a)(2). In any event, the Fifth Amended Complaint suffers from the same defects as the Fourth
Amended Complaint. To the extent Plaintiff files another complaint, she must do so consistent with the
guidance in this opinion.

into a motion for summary judgment."); *Dirig v. Wilson*, 609 F. App'x 857, 860 (7th Cir. 2015) (finding summary judgment against *pro se* litigant inappropriate, despite the fact that he received the "Notice to *Pro Se* Litigant" form, because the court outlined the motion to dismiss standard but not the summary judgment standard). Second, Defendant did not properly authenticate its exhibits supporting its motion for summary judgment through either an affidavit or any other mechanism approved by the Federal Rules of Evidence. *See Woods v. City of Chicago*, 234 F.3d 979, 987–88 (7th Cir. 2000) (noting that at summary judgment "the court may consider any material that would be admissible or usable at trial … including properly authenticated and admissible documents or exhibits."); *Martz v. Union Labor Life Ins. Co*., 757 F.2d 135, 138 (7th Cir. 1985) (noting that at summary judgment when "a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence"). Summary judgment is therefore inappropriate at this time. Addressing Defendant's motion using the standards set forth in Rule 12(b)(6), Defendant's motion to dismiss is granted in part and denied in part.

## BACKGROUND

As is appropriate in deciding a motion to dismiss, the Court accepts the facts in Plaintiff's complaint as true and views them in the light most favorable to her. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also considers public records which have been submitted by the parties. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

Between May 2008 and November 2021, Plaintiff was employed at Edward Hines, Jr. VA Hospital ("Hines"), which is operated by the Department of Veterans Affairs ("VA"). Doc.

59 ¶¶ 5-6, 51. Plaintiff was last employed as a health care technician. *Id.* ¶¶ 6. Plaintiff maintains that she suffered from a mental health disability but always performed her work to her employer's reasonable expectations. *Id.* ¶¶ 6-7.

Plaintiff alleges that she made multiple requests for workplace accommodations for her disability. For example, on July 17, 2017, Plaintiff requested that Defendant accommodate her disability by allowing her to work from home. *Id.* ¶ 8. Sometime in August 2017, Plaintiff requested advance leave without pay. *Id.* ¶ 12. And in April 2020, Plaintiff again asked to work remotely from home. *Id.* ¶ 10. Defendant allegedly denied each of these requests on or around July 27, 2017, September 17, 2017, and May 2020, respectively. *Id.* ¶¶ 9, 11, 13.

Plaintiff also alleges that in February 2018, she was improperly ordered to complete a physical and blood draw. *Id.* ¶¶ 17-18. Despite notifying the head of human resources at Hines that she did not agree to the physical, Plaintiff ultimately complied out of fear of losing her job. *Id.* ¶¶ 20, 39. During the physical, Plaintiff alleges that she was subjected to threats, intimidation, and a breach of her privacy. *Id.* ¶ 18. More specifically, Plaintiff alleged that she was ordered to list her psychotropic medications and Defendant attempted to obtain Plaintiff's medical information by calling her former work location without her consent. *Id.* ¶ 41.

Plaintiff further alleges that she was repeatedly refused performance appraisals. In December 2018, Plaintiff requested her annual performance appraisal. *Id.* ¶ 21. Her supervisor refused to schedule the performance appraisal and told Plaintiff that she needed to wait until February 2019. *Id.* ¶¶ 23, 45. Plaintiff's review was not completed in February 2019, and Plaintiff again requested it in March 2019. *Id.* ¶¶ 47-48. Plaintiff's supervisor again refused the performance appraisal, and an appraisal was not completed until Plaintiff was on medical leave.

*Id.* ¶¶ 48-49. As a result of being denied a timely performance appraisal, Plaintiff alleges that she was not able to receive an increase in her job title and pay grade. *Id.* ¶ 24.

Plaintiff initiated contact with an Equal Employment Opportunity counselor in late 2018. *Id.* ¶¶ 22, 46. Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint on January 9, 2019 alleging discrimination and hostile work environment on the basis of her disability. Doc. 66-3. Shortly after the EEOC complaint was filed, on February 13, 2019, Plaintiff was notified that Defendant had opened an internal investigation against her for conduct that had occurred eighteen months earlier. Doc. 59 ¶¶ 26-27. On November 7, 2019, Plaintiff filed a second EEOC complaint, which alleged that Defendant discriminated against her and subjected her to a hostile work environment on the basis of her disability and retaliated against her for engaging in protected activity. Doc. 66-6.

Plaintiff received a Right to Sue letter from the EEOC in April 2022. Doc. 59 ¶ 25. After the EEOC appeal process concluded on September 26, 2022, Plaintiff filed this suit in the Northern District of Illinois. Doc. 66-6; Doc. 1.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

The Court is attentive to the fact that Plaintiff has been proceeding *pro se*. "A document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, if a court is "given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research" or try to make up arguments for her. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## ANALYSIS

Defendant now moves to dismiss the Fourth Amended Complaint arguing that Plaintiff did not exhaust her administrative remedies for many of her claims and that any claims properly exhausted were not timely filed. Doc. 66 at 1. Defendant also argues that the factual allegations in the complaint are too vague and do not allege facts showing that Plaintiff is entitled to relief. *Id.* Several of these arguments were previously addressed by the Court's opinion dismissing the Third Amended Complaint, and the reasoning of that opinion is incorporated herein. Doc. 55.

## I. ADA Claims

The Court previously dismissed all of Plaintiff's claims arising under the ADA. Doc. 55 pg. 5, n. 4. The Court reminds Plaintiff that the ADA does not apply to the federal agencies, which includes the VA. See *Hancock v. Potter*, 531 F.3d 474, 478 n.4 (7th Cir. 2008) ("The term 'employer' under the ADA specifically excludes the United States and its agencies from its definition, 42 U.S.C. § 12111(5)(B)"). Therefore, all claims in the Fourth Amended Complaint arising under the ADA are dismissed with prejudice, meaning that Plaintiff is instructed not to raise claims under the ADA again.

## II. Rehabilitation Act Claims

### A. 2018 Physical and Blood Draw

The Court previously dismissed Plaintiff's disability discrimination claims under the Rehabilitation Act which arose from Plaintiff's 2018 physical examination and blood draw. Doc. 55 at 16-18. The Court explained that Plaintiff failed to state a claim because there was no allegation that Defendant's basis for requesting the blood draw and physical was linked to Plaintiff's disabled status. *Id.* at 17. Plaintiff's Fourth Amended Complaint suffers from the same deficiency, in that Plaintiff again makes no allegation that the order to complete the physical and blood draw was linked to her disabled status. Doc. 59 ¶¶ 17-20, 38-43. To the contrary, Plaintiff pleads that the physical was "a requirement of employment." *Id.* ¶ 40. The Court therefore dismisses this claim with prejudice, meaning that Plaintiff may not bring another Rehabilitation Act claim arising from the 2018 physical and blood draw. To the extent Plaintiff is now also alleging that the physical and blood draw created a hostile work environment, such a claim is similarly dismissed with prejudice.

### B. 2020 Request for Accommodation

The Court previously dismissed Plaintiff's Rehabilitation Act claim relating to her 2020 request for accommodation because they were never administratively raised with an Equal Employment Opportunity counselor. Doc. 55 at 12. The Court noted that there "is nothing that demonstrates that plaintiff reported this matter to an EEO counselor at all, let alone within 45 days." *Id.* Plaintiff has not fixed this issue in repleading, and accordingly this claim is now dismissed with prejudice.

### C. 2017 Accommodation Requests

Defendant again moves to dismiss Plaintiff's claims arising from her 2017 accommodation requests. Doc. 66 at 6-10. Defendant argues that the Court erred in previously denying its motion to dismiss for failure to exhaust administrative remedies because Plaintiff "learned of the facts of her claim when they happened" and the Court improperly applied 29 C.F.R. § 1614.105(a)(2) to the facts of this case.[2] *Id.* at 8-9.

Failure to exhaust administrative remedies is an affirmative defense, which is rarely appropriate for resolution on a motion to dismiss. *See Salas v. Wis. Dept. of Corrections*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove"). The Court previously held that this claim would be "better left for resolution at later stages of this litigation, when the Court would have access to a more complete factual record," Doc. 55 at 13, and that remains the case. Critical to Defendant's argument for dismissal is that Plaintiff knew of the 45-day time limit for reporting a claim to the EEO counselor "because she was a VA employee for *years* and had taken *multiple* trainings on her EEO rights." Doc. 66 at 9 (emphasis in original). In support of

---

[2] Defendant claims that the "regulation at 29 C.F.R. §1614.105(a)(2) does not toll the 45-day period for raising claims until such time that a plaintiff learns a particular set of facts might constitute a discrimination claim" but that the "regulation in (a)(2) does toll the 45-day period if a claimant can show she was not notified of the time limit." Doc. 66 at 9.

this, Defendant submits an exhibit purporting to be a record of Plaintiff's training, but as already stated, the evidence was not properly authenticated and will not be considered for the purposes of this motion to dismiss.[3] Because the Court cannot determine whether Plaintiff was aware of the 45-day time limit, Plaintiff's claims relating to her 2017 accommodation requests remain viable at this early stage.

### D. Hostile Work Environment and Retaliation

Plaintiff adds hostile work environment and retaliation claims to her Fourth Amended Complaint, which the Court interprets as arising under the Rehabilitation Act. Defendant argues that these claims should be dismissed because Plaintiff fails to allege facts showing that she is entitled to relief, and the Court agrees with respect to the hostile work environment claim.

To plead a hostile work environment discrimination claim, Plaintiff must allege that (1) she was subjected to unwelcome harassment; (2) the harassment was based on a protected characteristic; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017) (elements under Title VII); *Mannie v. Potter,* 394 F.3d 977, 982 (7th Cir. 2005) (applying Title VII hostile work environment elements to Rehabilitation Act claim). Whether the workplace is hostile depends on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Alamo*, 864 F.3d at

---

[3] The Court presumes that Defendant could authenticate its training records as business records. But at this point, all Defendant has done is attach a 35-page document entitled "User Learning History Condensed Version" to its memorandum of law, with no explanation as to what it is or how it is created and maintained. Doc. 66-8. Even if the training record were admissible, the Court would have only the title of the training courses from which to infer what the content the trainings might have been.

549–50. Although "a workplace need not be 'hellish' to constitute a hostile work environment, a hostile work environment must be so pervaded by discrimination that the terms and conditions of employment are altered." *Id.*

Here, Plaintiff's hostile work environment claim fails because she has not pled a plausible allegation of workplace hostility. At most, Plaintiff alleges that her supervisor was "grinning like a Cheshire cat" when telling Plaintiff that an investigation had been initiated against her. Doc. 59 ¶ 54. The Court is mindful that the Seventh Circuit has found it "premature at the pleadings stage to conclude just how abusive [a plaintiff's] work environment was." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). But the issue here is that no plausible allegation of abusiveness has been included in the Fourth Amended Complaint. Because no sufficient allegation exists, Plaintiff's hostile work environment claim is dismissed without prejudice.

The Court next moves to Plaintiff's retaliation claim. Pleading a retaliation claim under the Rehabilitation Act requires Plaintiff to allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity. *Anderson v. Donahoe*, 699 F.3d 989, 995 (7th Cir. 2012). The protected activity must be specifically identified, and the adverse employment action "must be one that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Roney v. Illinois Dep't of Transp.*, 474 F.3d 455, 461 (7th Cir. 2007).

Here, Plaintiff has adequately pled that she was retaliated against for filing her EEOC complaint. Filing an EEOC charge is quintessential statutorily protected activity. *McHale v. McDonough*, 41 F.4th 866, 871 (7th Cir. 2022). A few weeks after Plaintiff initiated the EEOC complaint, she was surprised to learn that she was the subject of an internal investigation for

9

conduct that had occurred long ago. Doc. 59 ¶¶ 53-57. Around this same time, Plaintiff's supervisor filed a performance appraisal that Plaintiff had been requesting for months but had never received. That performance appraisal was completed while Plaintiff was on medical leave, which prevented Plaintiff from being able to provide feedback about the review. *Id*. ¶¶ 45-50. Such allegations are enough at the pleading stage to assert a claim of retaliation.

### III.    Title VII Claims

The Fourth Amended Complaint contains claims of discrimination, hostile work environment, failure to promote, and retaliation under Title VII. *Id*. ¶¶ 38-58. The Court agrees with Defendant that these claims were not properly raised at the administrative level or before this Court and therefore must be dismissed.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to … compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The antiretaliation provision of Title VII prohibits an employer from discriminating against an employee because that employee has "opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a).

Before bringing a Title VII claim in federal court, "a plaintiff must first exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). This requirement serves two purposes: "first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Id.* Any resulting lawsuit is limited to claims included in the EEOC charge, and those that are "like or reasonably related to the allegations of the charge and growing out of such

10

allegations." *Id.* Claims are "like and reasonably related" when "(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.*

In this case, there is no indication in the EEOC decisions or in any of Plaintiff's five complaints that Plaintiff has ever complained about discrimination involving race, color, religion, sex, or national origin. Doc. 66-3 at 2-3; Doc. 66-6 at 2-3. To the contrary, everything Plaintiff has filed has indicated that her complaint involves discrimination based upon a mental disability, which is not a protected characteristic under Title VII. Therefore, Plaintiff's Title VII claims are dismissed without prejudice. Plaintiff has leave to amend her complaint to add Title VII claims if, and only if, she filed some timely EEOC complaint alleging discrimination and retaliation based on a Title VII protected characteristic.

## IV.    Privacy Act Claims

Plaintiff also brings claims under the Privacy Act. Doc. 59 ¶¶ 38-43. Plaintiff specifically claims that her privacy rights were violated when Defendant "attempted to gather medical information by calling the former work location HR office at Fort Wayne VA Hospital without consent." Doc. 59 ¶ 41. Defendant counters that this claim is barred by the statute of limitations, and the Court agrees.

The Privacy Act has a two-year statute of limitations. 5 U.S.C. § 552a(g)(5); *Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 726 (7th Cir. 2000). The statute of limitations starts to run when a plaintiff first knew or had reason to know of a violation, and a claim is not tolled by continuing violations. *Id.*

In this case, any privacy violation occurred in February 2018, when Plaintiff was at her physical and heard a staff member calling HR at Plaintiff's last employer to inquire about Plaintiff's medical history. *See* Doc. 59 ¶¶ 18, 41; Doc. 20 at 32. Plaintiff did not file her initial complaint in this matter until November 22, 2022, and waited until November 1, 2024 to amend her complaint to include Privacy Act claims. These dates are well beyond the two-year statute of limitations period of the Privacy Act. Because any amendment would be futile, all of Plaintiff's Privacy Act claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part. The following claims are dismissed with prejudice, meaning that they may not be raised again in any amended complaint: claims arising under the ADA; claims arising under the Privacy Act; and Rehabilitation Act claims relating to Plaintiff's 2018 physical and blood draw and 2020 request for accommodation. The following claims are dismissed without prejudice: claims arising under Title VII, and Rehabilitation Act claims relating to a hostile work environment. The Court will discuss with Plaintiff at the next status hearing whether Plaintiff has facts that may support either claim. Surviving claims include that Plaintiff's rights under the Rehabilitation Act were violated when Plaintiff was denied requests for accommodation in 2017 and when Plaintiff allegedly was retaliated against after filing her first EEOC complaint.

The parties are directed to appear for a status hearing on July 1, 2025 at 10:00 a.m. in person in Courtroom 1725 to discuss any potential amendment of the complaint, setting a date for Defendant to answer, and a plan for discovery.

Dated: June 17, 2025

_____
APRIL M. PERRY
United States District Judge